IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**TRAVIS McCLOUD PASKEL**                                                  **PLAINTIFF**

**v.**                                  **CIVIL ACTION NO. 1:15-cv-323-HSO-JCG**

**RONALD WOODALL**                                               **DEFENDANT**

## REPORT AND RECOMMENDATION THAT THIS CASE BE DISMISSED FOR PLAINTIFF'S FAILURE TO EXHAUST AVAILABLE ADMINISTRATIVE REMEDIES

BEFORE THE COURT is the Motion to Dismiss for Failure to Exhaust Available Administrative Remedies (ECF No. 23), filed by Defendant Dr. Ronald Woodall. Plaintiff Travis McCloud Paskel, a postconviction inmate in the custody of the Mississippi Department of Corrections (MDOC), filed this suit *pro se* and *in forma pauperis* pursuant to 42 U.S.C. § 1983. In his Motion to Dismiss, Dr. Woodall notes that Plaintiff checked "no" on his Complaint when asked whether he had completed the Administrative Remedy Program (ARP) before filing suit. (ECF No. 23-2, at 3). Plaintiff did not respond to Dr. Woodall's Motion, and the Court issued an Order to Show Cause on October 17, 2016, ordering Plaintiff to file a response to Dr. Woodall's Motion on or before November 7, 2016. (ECF No. 24). November 7, 2016, has passed, and Plaintiff has still not filed a response to Dr. Woodall's Motion.

It is recommended that Dr. Woodall's Motion to Dismiss for Failure to Exhaust Available Administrative Remedies (ECF No. 23) be granted and this case dismissed without prejudice.

I. BACKGROUND

On September 28, 2015, Plaintiff filed this action pursuant to 42 U.S.C. § 1983, alleging that his constitutional rights were violated because he was misdiagnosed as HIV positive by Dr. Woodall, a medical doctor who treated Plaintiff while he was housed at South Mississippi Correctional Institution. (ECF No. 1, at 4). Plaintiff contends that, as a result of the misdiagnosis, he suffered mental injury and was physically harmed by weight loss, lack of sleep, nausea, and hair loss. (ECF No. 19, at 1). Plaintiff also claims that he was beaten by another inmate who did not want to be roomed with him because the inmate believed Plaintiff was HIV positive.

II. DISCUSSION

A. <u>Legal Standard</u>

In considering a motion to dismiss under Rule 12(b)(6), the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit,* 369 F.3d 464, 467 (5th Cir. 2004) (citation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). Specifically, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

2

Because Plaintiff is proceeding *pro se,* the Court holds his "complaint to 'less stringent standards than formal pleadings drafted by lawyers.'" *Hale v. King,* 642 F.3d 492, 499 (5th Cir. 2011) (citing *Calhoun v. Hargrove,* 312 F.3d 730, 733 (5th Cir. 2002)). However, even a *pro se* plaintiff seeking to avoid a Rule 12 dismissal must "allege sufficient facts to raise a right to relief above the speculative level." *Flynn v. CIT Grp.,* 294 F. App'x 152, 154 (5th Cir. 2008).

"Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [plaintiff's] claim." *Causey v. Sewell Cadillac-Chevrolet, Inc.,* 394 F.3d 285, 288 (5th Cir. 2004) (citation omitted). Attached to Dr. Woodall's Motion to Dismiss is Chapter VIII of MDOC's inmate handbook, the chapter detailing the ARP that inmates are required to use before proceeding with a lawsuit.[1] The undersigned will consider the ARP procedures as part of the pleadings.

B. <u>Analysis</u>

Under the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321, H.R. 3019 (codified as amended in scattered titles and sections of the U.S.C.), prisoners are required to exhaust available administrative remedies before filing a conditions-of-confinement lawsuit:

---

[1] *See* MDOC Inmate Handbook, Ch. VIII, Administrative Remedy Program, http://www.mdoc.ms.gov/Inmate-Info/Pages/Inmate-Handbook.aspx

> No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

The PLRA's exhaustion requirement protects administrative agency authority, promotes efficiency, and produces "a useful record for subsequent judicial consideration." *Woodford v. Ngo*, 548 U.S. 81, 89 (2006). A prisoner's failure to exhaust available administrative remedies undermines these purposes.

> The benefits of exhaustion can be realized only if the prison grievance system is given a fair opportunity to consider the grievance. The prison grievance system will not have such an opportunity unless the grievant complies with the system's critical procedural rules. A prisoner who does not want to participate in the prison grievance system will have little incentive to comply with the system's procedural rules unless noncompliance carries a sanction . . . .

*Id.* at 95.

Exhaustion "is a threshold issue that courts must address to determine whether litigation is being conducted in the right forum at the right time." *Dillon v. Rogers*, 596 F.3d 260, 272 (5th Cir. 2010). Dismissal is mandatory where a prisoner fails to properly exhaust available administrative remedies before filing suit in federal court. *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012). "[J]udges may resolve factual disputes concerning exhaustion without the participation of a jury." *Dillon,* 596 F.3d at 272.

The Mississippi Code grants MDOC the authority to adopt an administrative review procedure at each of its correctional facilities. Miss. Code Ann. § 47-5-801. MDOC has implemented an ARP through which prisoners may seek formal review of a complaint or grievance relating to any aspect of their incarceration.[2] Effective September 19, 2010, the ARP is a two-step process. *Threadgill v. Moore,* No. 3:10cv378-TSL-MTP, 2011 WL 4388832, *3 n.6 (S.D. Miss. July 25, 2011).

Inmates are required to initially submit their grievances in writing to the prison's legal claims adjudicator within thirty days of the incident. *Howard v. Epps,* No. 5:12cv61-KS-MTP, 2013 WL 2367880, *2 (S.D. Miss. May 29, 2013). The adjudicator screens the grievance and determines whether to accept it into the ARP process. *Id.* If accepted, the grievance is forwarded to the appropriate official who then issues a First Step Response to the complaining inmate. *Id.* If the inmate is unsatisfied with the First Step Response, he may continue to the second step by completing an appropriate ARP form and sending it to the legal claims adjudicator. *Id.* The Superintendent, Warden, or Community Corrections Director will issue a final ruling, or Second Step Response. *Id.* If the inmate is unsatisfied with the Second Step Response, he may file suit in state or federal court. *Id.*

---

[2] *See* MDOC Inmate Handbook, Ch. VIII, Administrative Remedy Program, http://www.mdoc.ms.gov/Inmate-Info/Pages/Inmate-Handbook.aspx

Accepting all well-pleaded facts as true and viewing them in the light most favorable to Plaintiff, Plaintiff's Complaint does not contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. Plaintiff admits in his Complaint that he did not complete the ARP before filing suit. Plaintiff has been given more than ample opportunity to respond to Dr. Woodall's Motion to Dismiss, but Plaintiff has not responded. Because Plaintiff failed to exhaust his administrative remedies with respect to the claims his Complaint, Plaintiff's suit is barred by 42 U.S.C. § 1997e(a) and must be dismissed.

### III.  **RECOMMENDATION**

It is recommended that Defendant Dr. Ron Woodall's Motion to Dismiss for Failure to Exhaust Available Administrative Remedies (ECF No. 23) be granted and this case dismissed in its entirety without prejudice.

### IV.  **NOTICE OF RIGHT TO APPEAL/OBJECT**

Pursuant to Local Uniform Civil Rule 72(a)(3),

> After service of a copy of the magistrate judge's report and recommendations, each party has fourteen days to serve and file written objections to the report and recommendations. A party must file objections with the clerk of court and serve them upon the other parties and submit them to the assigned district judge. Within seven days of service of the objection, the opposing party or parties must either serve and file a response or notify the district judge that they do not intend to respond to the objection.

L.U.Civ.R. 72(a)(3); *see* 28 U.S.C. § 636(b)(1).

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. The District Judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object.  *Douglass v. United Servs. Automobile Assoc.,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

**SIGNED,** this the 10th day of November, 2016.

s/ John C. Gargiulo
JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE